UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50950
_____

HOTEL PARTNERS, LTD.,

Plaintiff-Appellant,

versus

SECRETARY OF THE INTERIOR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
Civil Docket #SA-99-CV-0836(EP)
_____

May 21, 2001

Before JONES, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant challenges the denial of a certification of its renovated hotel in San Antonio for purposes of securing an income tax credit. Appellant contends that the Secretary's decision was (a) based on regulations that are not within the purpose and scope of the enabling legislation and (b) arbitrary and capricious.

We have carefully considered these arguments in light of the briefs, pertinent portions of the record, oral argument, the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's comprehensive opinion, and applicable law. Having done so, we find no error in the court's conclusion that the Secretary could examine the proposed addition to Appellant's building in order to determine whether the rehabilitation would be "consistent with the historic character of such property." 26 U.S.C. § (c)(2)(C). The statute, which does not otherwise define a rehabilitation, confers sufficient discretion on the Secretary to authorize the regulations governing this decision. Appellant has confused the standards for allocating and quantifying the tax credit with the standards for maintaining the historic character of the property. The former regulations do not inform the role of the Secretary of the Interior here.

As for the substance of the Secretary's decision, we are not permitted to substitute our judgment for that of the agency and may only hold the decision arbitrary and capricious if it failed to consider the relevant factors and reveals a clear error of judgment. Citizens to Preserve Overton Parish, Inc. v. Volpe, 401 U.S. 402, 416, 915 S.Ct. 814, 823 (1971). As the district court held, that difficult test is not satisfied here. The Secretary's decision agreed with the position espoused by the Texas Historical Commission, and it is sufficiently supported by the record. We find no deficiency in the process or reasoning employed to reach the decision denying certification.

For these reasons, we affirm the judgment of the district court.

<u>AFFIRMED</u>.